## FIREMAN INSURANCE CO et v BARNARDI

Ohio Appeals, 7th Dist, Mahoning Co

Decided March 24, 1933

J. M. Modarelli, Youngstown, for plaintiff in error.

Clyde Osborne, Youngstown, and M. Lipscher, Ada, for defendant in error.

POLLOCK, J.

This is the substance of the evidenee in regard to a letter being written and its contents notifying the insurance company of this loss. It is first urged that even if notice was given, it was only given to the local agents, and there is no evidence that they had any authority to receive notices of loss, and without that authority notice to an agent would not be a compliance with the provisions of the policy. Many cases might be cited in support of this contention, but the case of **Myers v Insurance Company, 108 Oh St, 175,** will suffice. This principle of law is not denied by the insuree, but that these parties who gave this notice were at the time giving notice, acting as her agents in law, that the local agent had promised to make this report for her and had made it or caused it to be made to the company, which was a sufficient compliance with the statute.

"Though there is some question whether notice to a local agent of the insurance company is sufficient, it is well established that such an agent may act for the insured in giving the company notice of the loss, and where the notice so passes from the insured through the agent of the company, it is sufficient."

7 Cooley's Brief on Insurance, page 5775, citing many uathorities in support of this proposition.

We think that notice could be given in the manner the insured claims the notice was given, which would be sufficient under the policy, but it is further urged that while this agent promised to give this notice, yet that the evidence does not sustain the proposition that such written notice was sent to the company. We have referred to the evidence in this case and think the evidence

is sufficiently certain to make it a question for the jury to determine. There was at least sufficient to make a prima facie case that the company received the written notice required, and there is no evidence on the part of the insurance company denying the receipt of this notice. We think it was a question for the jury and that this court can not interfere with the judgment on that ground.

The next error complained of is that there was a chattel mortgage on this property at the time the insurance was written and purchased by the insured. The records in the Recorder's office did show that at that time, and continued to show until after the fire a chattel mortgage for the amount stated given by the insured to a party who was a brother-in-law, Augusta Barnardi, which would be sufficient to avoid the insurance, but the insured claims that she paid the sum secured by this mortgage some time in July of 1930, and that the mortgagee signed a release of the mortgage and she also presents a release dated July 17, 1930, which states to the county recorder, "Please cancel chattel mortgage No. 470117 for $1500, given February 1, 1930, Bruno Barnardi, as the same has been paid in full," signed by the mortgagee. This is all the evidence in regard to this mortgage. The only question then remains whether the mortgage after it is paid, remaining on record uncancelled would avoid the insurance. On the payment of this sum secured by this mortgage the mortgage was then of no valid effect and could not affect the insured's property in any way. We think that after a mortgage has been paid it would not be a violation of the provisions of an insurance contract providing as this insurance contract does.

No case seems to have been decided in this state but our attention has been called to the case of Laird v Little, 164 N. Y., 597, and also Walker v Firemen's Insurance Co., 234 Pac., 542. Similar questions were before the courts in those cases holding that a lien on insured property remaining of record did not avoid the policy if the amount secured had been paid.

The next error complained of is that the court refused to admit certain exhibits which would have tended to have proven that the sum insured by the mortgage had not been paid and that the mortgagee was claiming a lien on the property. The insured and the mortgagee were Italians by birth and the mortgagee soon after this release purports to have been signed had returned to Italy. Edward J. Maloney was called, who is an Italian by birth, and claimed to have received a letter from the mortgagee after he returned to Italy in which it is claimed that the letter would tend to prove that the sum secured by the mortgage had not been released; in other words, tend to contradict the testimony of the insured and the receipt. The introduction of this letter was objected to by the insured and sustained, and that is urged as error. This was a private letter written by a party who was not a party to the case, to a friend. It hardly needs any consideration to determine that such an exhibit was not competent in evidence. It would be no more than the personal statement of the mortgagee and his personal statement could not be introduced in evidence, and he could not have made a statement except after being sworn to testify. There was no error in the court refusing this evidence.

Mr. R. A. Walters was also called as a witness. He testified that he was manager of the Underwriters Adjustment Company of this city, and that he received a letter from one of the attorneys of the city notifying him something about this mortgage being on the property of the insured. This letter was also asked to be admitted in evidence, but upon the objection of the insured the court refused it. This is urged as error. We need not spend any further time on this letter. It is a letter written by a party claiming to be the attorney of the mortgagee. What the attorney of the mortgagee wrote could not in any way bind the insured or be used against her in the trial of the case. There was no error in the court refusing to admit these exhibits.

The next error complained of is that the insured did not submit the question of the amount of loss to arbitration as required by the conditions of the policy before bringing her action. The evidence of what was done by the insured is evidenced by a letter written on November 3, 1930, to the Keystone Insurance Company in regard to submitting the loss under this policy now in question to arbitration. It is marked as plaintiff's exhibit No. 3. It says:

"Since there has been a disagreement relative to the extent of loss and damage done to the above captioned claimant's property covered by your insurance policy, we are herein demanding an appraisement in accordance with the terms and conditions of your policy contract, as herein set forth. We are now submitting the name of Samuel Goldstein, a disinterested party, to act for and in our behalf in this matter,"

It will be noticed that there is a demand made on the insurance company to submit this question to appraisers and also the naming of the insured's appraiser, which the policy provided that each one would do and the two select an umpire, but it is urged and under the authority of **Insurance Company v Carnahan, 63 Oh St, 259,** that suit could not be brought until this appraisement was had, and in the case of **Royal Insurance Company v Silberman, 75 Oh St, 374,** it was the duty of the insured to require this appraisement before she could maintain an action. In the case in the **63 Oh St** just referred to it is provided:

"Where it is also provided that the conditions as to arbitration or appraisal must be complied with before suit can be brought against the insured, the condition is thereby made a condition precedent and to entitle the insured to maintain an action to recover under the policy he must show that he has either performed the condition or has a legal excuse for nonperformance thereof."

The insured in this case did all she could to have this appraisement. She demanded it and named her appraiser. The company *did nothing.* She had *no power to compel* the company to appraise, if it did not wish to, and her only recourse was bringing the action as she did do. We think she sufficiently complied with this provision of the policy to enable her to maintain the action.

These are all the errors urged in brief and oral argument, and it follows that the judgment of the court below is affirmed and exceptions noted.

FARR and ROBERTS, JJ, concur in the judgment.