**MOYER, Plaintiff-Appellee, v. MERCHANTS FIRE INSURANCE COMPANY, Defendant-Appellant.**

Common Pleas Court, Franklin County.

No. 184809.  Decided May 15, 1952.

Vorys, Sater, Seymour & Pease, Columbus, for defendant-appellant.
Henry A. Reinhard, Columbus, for plaintiff-appellee.

## OPINION

By GESSAMAN, J.

This case is submitted to this Court on appeal from a judgment for the plaintiff in the Municipal Court of Columbus. Briefs have been submitted by counsel for both parties and have been considered by the Court.

In the petition filed in the court below it is alleged that plaintiff was the owner of real estate known as 136 North Princeton Avenue, Columbus, Ohio, and that the defendant insured the buildings upon said real estate against loss or damage by fire to the amount of $4000.00 from January 22, 1947 to January 22, 1950; that on June 19, 1948, said building was damaged by fire in the amount of $1000.00 and that "on the 12th day of June, 1948, plaintiff notified the defendant of said fire and loss and that the defendant's agent, Paul Talbott, personally inspected said building and examined the loss * * *" It is further alleged that "plaintiff has duly performed all the conditions on her part to be performed * * *" but that no part of said loss has been paid although demand therefor has been made. Plaintiff prayed judgment in the sum of $1000.00 and costs.

To this petition the defendant filed its answer in which, among other allegations, there is filed a general denial. For reasons which will be apparent later, the other allegations of the answer will not be discussed nor will the supplemental answer which was subsequently filed by the defendant.

The policy of insurance to which the plaintiff referred is found in the Bill of Exceptions as defendant's Exhibit "B" and contains the following pertinent provisions:

"The insured shall give immediate written notice to this company of any loss, * * *" (Lines 90 and 91 of Exhibit "B")

Also at lines 97 to 103 inclusive of defendant's Exhibit "B":

"* * * and within sixty days after the loss, unless such time is extended in writing by this Company, the insured shall render to this Company a Proof of Loss, signed and sworn to by the insured, stating the knowledge and belief of the insured as to the following: The time and origin of the loss, the interest of the insured and of all others in the property, the actual cash value of each item thereof and the amount of loss thereto, * * *."

Also at lines 157 to 160 inclusive:

"No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, * * *."

These allegations are important in view of the allegation in the petition that "Plaintiff has duly performed all of the conditions on her part to be performed * * *."

It is well settled in this state that the first two provisions of the pol-

icy above referred to are conditions precedent to recovery of any loss. As early as 1878 it was decided by the Supreme Court in the case of **Union Insurance Company v. McGookey, et al., 33 Oh St 555,** that notice of loss is a condition precedent to a right of action on the policy. The 3rd syllabus of that case reads as follows:

"Where a policy requires notice of a loss to be given to the insurer immediately after the fire, such notice is a condition precedent to a right of action on the policy; but in such action, under the provisions of section 121 of the code, it is a sufficient averment of the performance of the condition for the plaintiff to state in his petition that he has performed all the conditions on his part to be performed."

This same rule was enunciated by the Supreme Court in the case of **Kornhauser, Receiver, etc., v. The National Surety Company, 114 Oh St 24,** the 3rd syllabus of which reads as follows:

"A contract between an employer and a bonding company provides that the employer shall, within a given time after becoming aware of any evidence of dishonesty of any employe, give notice thereof to the surety. This provision constitutes a condition precedent, and when the employer fails to comply therewith he cannot recover even though the defalcation described in the bond, by employes covered by the bond, has taken place and loss has ensued."

In spite of the allegations in the petition, there is no evidence that the plaintiff gave immediate written notice to this company of any loss or that she gave any written notice to the company. There is some evidence in the record that either she or her daughter called or talked to a brother who was employed by a local agent of the company and that she talked with someone at the office of the Western Adjustment Company. These conversations, whatever they may have been, of course do not constitute a written notice to the company.

It is settled in this state that the provisions of written notice cannot be waived by an agent of the company who does not have specific authority so to do. This principle has been established by the Supreme Court in the case of **Travelers' Insurance Company v. Myers and Company, 62 Oh St 529** in Syllabus 2:

"In a policy which insures against loss from liability to employes of the insured who may accidentally sustain bodily injury while in the employ of the insured, 'under circumstances which shall impose upon the insured a common law or statutory liability to such employes by reason thereof,' a stipulation as follows: 'Immediate written notice shall be given this company of any accident and of all alleged injuries, together with copies of all statements made by employes, and all other information in possession or knowledge of the insured in any way relating to such accident or liability therefor,' is of the essence of the contract and cannot be waived by an agent of the company without authority therefor."

It is also an established rule that notice to an agent who does not have or is not shown to have authority to receive such notice, is not notice to the company. This rule was expressed by Judge Pollock in the case of **Fireman Insurance Co. et al, v. Barnardi, 14 Abs 426,** at **p. 427** of the Opinion in the following language:

"It is first urged that even if notice was given, it was only given to the local agents, and there is no evidence that they had any authority to receive notices of loss, and without that authority notice to an agent would not be a compliance with the provisions of the policy. Many cases might be cited in support of this contention, but the case of **Myers v. Insurance Company, 108 Oh St 175**, will suffice."

In addition to the absence of any evidence of giving immediate written notice to the company of loss, it is also established by the evidence (found at pages 23 and 24 of the Record), that no Proof of Loss or sworn statement of loss was ever given to the company. With this factual situation before us, it is apparent that the plaintiff has failed to comply with the two conditions precedent, the one the giving of immediate written notice of loss and the other one the giving, within sixty days after loss, of a proof of loss. It is clear, therefore, that plaintiff has failed to place herself in a position which would justify a judgment in her behalf.

It is claimed, however, by counsel for appellee that by certain actions the defendant has waived these two conditions precedent. On this question we again call attention to the allegation in the petition that "Plaintiff has duly performed all of the conditions on her part to be performed * * *."

It is well established that the claims of performance and of waiver are incompatible and that where performance has been pleaded, evidence of waiver is improper and immaterial. In the case of **Hartford Accident and Indemnity Company v. Kenny, 44 Oh Ap 138**, Judge Sherick used the following language at p. 146 of the Opinion:

"The amended petition pleads performance. It does not plead waiver. These two affirmative allegations are incompatible. If one is true, the other cannot ordinarily be true, and in the case before us, in the absence of amendment, such evidence for the purpose of showing waiver was improper. We do not feel that this well settled rule need be fortified by recital of authority."

The same rule was pronounced by the Supreme Court in the case of **Eureka Fire and Marine Insurance Company v. Baldwin, 62 Oh St 368**, in syllabus 1 which reads as follows:

"Where a party avers that he has performed all the conditions of a contract to be by him performed, his proofs upon the trial must show such performance in order to entitle him to a recovery. Under such an averment it is not competent to prove a waiver of such conditions. If the waiver of conditions is relied upon, such waiver must be averred in the pleadings."

And, again, in the case of **The List and Son Company v. Chase, 80 Oh St 42**, we find the same rule in Syllabus 2 of the Opinion:

"Waiver of the performance of conditions in a contract by the party in whose favor the conditions are to be performed, is not performance but must be alleged as an excuse for non-performance, before proof of such waiver can be received; and in the absence of such an allegation it is error to charge the jury that certain facts appearing in evidence constitute such a waiver. **Eureka Fire and Marine Ins. Co. v. Baldwin, 62 Oh St 368**, approved and followed."

It is also well established that the doctrine of Equitable Estoppel may not be claimed since it is not pleaded and to this effect we refer to the case of **Dow, et al. v. The Union National Bank, et al, 87 Oh St 173,** in which the following language was used by Judge Shauck at page 179 of the Opinion:

"Counsel for Mrs. Dow present the unusually sound view that the facts out of which an equitable estoppel is claimed to arise must be pleaded if there is opportunity, and there was opportunity in the present case."

In view of the fact that plaintiff has relied upon performance, it is necessary that performance be proved before recovery can be had. As we have pointed out, the evidence does not disclose performance of either of the two very essential conditions precedent. Furthermore, since performance has been alleged the plaintiff may not rely upon a' waiver of these conditions under the well established rules to which we have already made reference.

To summarize the situation, the plaintiff has alleged, but has failed to prove performance of the two conditions precedent. Having alleged performance, she cannot now recover upon either the theory of waiver or equitable estoppel. It follows, therefore, that she cannot recover under the well established rules of law which have been discussed and further, because of the condition of the policy (lines 157-160) to which reference was made earlier in this decision.

In view of the decision herein reached, we deem it unnecessary to consider or discuss the other assignments of error. The judgment of the Municipal Court is reversed and this cause is remanded to that court with instructions to enter judgment for the defendant.